■ In the Matter of the Claim of KAREN DOWNIE, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 598] —Upon the Court's own motion, it is

■ In the Matter of the Claim of KAREN DOWNIE, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 599] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed October 18, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a home health aide until she resigned after seven months, stating that she was moving out of the area for personal reasons. She subsequently indicated, however, that she left her employment to move out of the area because she was a victim of domestic violence. In a May 13, 1999 decision, the Unemployment Insurance Appeal Board, upon reconsideration, adhered to its prior decision holding that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Claimant appeals from that decision. The Board on its own motion reopened the May 13, 1999 decision and held a hearing at which claimant failed to appear. The Board then issued a decision filed August 18, 2000 which adhered to the prior decision. Thereafter, the Board granted

claimant's application for reopening and reconsideration of the August 2000 decision. A hearing was held at which claimant and the employer appeared and gave additional testimony. The Board then issued a decision filed October 18, 2000, which adhered to its prior decision. Claimant also appeals from this decision.

We affirm. Based on the record before us, we find that substantial evidence supports the decisions of the Board that claimant failed to substantiate her claim that she left her employment because she was a victim of domestic violence and, as such, her decision to leave her employment was for personal and noncompelling reasons (see, Matter of Wilson [Commissioner of Labor], 269 AD2d 730; Matter of Shubert [Commissioner of Labor], 253 AD2d 926).

Cardona P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs. [See, 288 AD2d 638 (decided herewith).]